UNITED STATES of America, Plaintiff—Appellee,

v.

Bret F. MANESS, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Bret F. Maness, Defendant—Appellant.

Nos. 06–30607, 07–30035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed May 19, 2009.

Jo Ann Farrington, Frank V. Russo, Assistant U.S., Thomas Bradley, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Bret F. Maness, Atwater, CA, pro se.

---

** The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

In these consolidated appeals, Bret F. Maness appeals pro se from the district court's order reaffirming his sentence following a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), and the district court's order denying reconsideration.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Maness raised an *Apprendi* challenge to his sentence in supplemental briefing ordered by the previous panel and therefore preserved that claim. Maness admitted possession of the Norinco MAK–90 in his testimony, however, so any *Apprendi* error was harmless. *See Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 487–88, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2]

2. Maness also contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 3C1.1, because the district court did not make a finding that the perjured testimony was material, and that at sentencing, the district court violated his due process rights and the Confrontation Clause by applying sentencing enhancements that had a disproportionate impact on his sentence without conducting an evidentiary hearing. We decline to review these contentions because Maness did not raise them in his initial appeal. *See United States v. Thornton*, 511 F.3d 1221, 1228–29 (9th Cir.2008); *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006).

3. We do not consider Maness' claim that he was ineffectively represented by counsel, because the record does not show that Maness' representation was so obviously inadequate as to deny him his right to counsel nor is the record adequately developed to allow us to review his claim. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003).

Because we do not remand, we need not address Maness' request that the case be assigned to a different district court judge. We note, however, that Maness' claims regarding the district judge during his trial and sentencing are meritless.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Maness also appeals the district court's refusal to allow him to proceed pro se at sentencing and a sentencing enhancement, both of which we address in a concurrently filed published opinion.

2. Maness has repeatedly and explicitly disavowed any claim that his sentence would have been materially different had the court understood that the Sentencing Guidelines were discretionary rather than mandatory. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1093–94 (9th Cir.2006). We therefore do not address the issue.